UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| RYAN BUTTERWORTH, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | 2:13-cv-00282-DBH |
| | ) | 2:06-cr-00062-DBH-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Ryan Butterworth has filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. §2255.  (Motion, ECF No. 147.)  The sole issue is whether he may challenge the drug quantity that led to the imposition of a statutory mandatory minimum sentence because the drug quantity was a fact found by the sentencing judge rather than by a jury.  Butterworth's argument is based on Alleyne v. United States, 133 S. Ct. 2151 (2013), in which the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury . . . ." Id. at 2163.  I recommend that the court deny Butterworth's motion because Alleyne is not retroactively applicable to cases on collateral review.

**Facts and Procedural History**

In February 2007, Butterworth was convicted, following a jury trial, of conspiracy to distribute and possession with intent to distribute five grams or more of cocaine base (count 1) and possession with intent to distribute five grams or more of cocaine base, aiding and abetting (count 2), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, and 18 U.S.C. § 2.  (Judgment,

ECF No. 84.)[1]  The five grams or more of cocaine base that was alleged in the superseding indictment was found by the jury.  (Superseding Indictment, ECF No. 23; Jury Verdict Form, ECF No. 66.)

At sentencing, the court found that Butterworth was responsible for fifty grams or more of cocaine.  (Sentencing Tr. at 55-56, ECF No. 99.)  The court found that Butterworth was dealing cocaine base for a two-week period before his arrest.  This was based on witness testimony that included hearsay that Butterworth told the witness he was "hustling rocks" and making $1,200 a night.  (Sentencing Tr. at 55.)  Another witness testified that an "8-ball," which was 3.5 grams, was sold for $300; based on that, the court calculated that Butterworth was selling about fourteen grams per night.  The court found that the evidence "easily" brought the amount above the fifty-gram threshold.  The court also found a prior state felony drug trafficking conviction from 1999, a finding to which Butterworth consented.  (Sentencing Tr. at 16, 22, 55-56.)  The quantity of drugs found and the prior conviction led the court to determine that there was a mandatory minimum sentence of twenty years.  (Sentencing Tr. at 56.)

Butterworth appealed both the conviction and the sentence.  His sentencing challenge was based on the same underlying argument he makes in this section 2255 motion, which is a Sixth Amendment argument that the facts concerning drug quantity must be found by a jury.  United States v. Butterworth, 511 F.3d 71, 76-77 (1st Cir. 2007).  Of course, the 2007 decision on Butterworth's appeal predated Alleyne, which was decided in June 2013.  In the First Circuit's opinion on Butterworth's appeal, the court cited what it described as "the now familiar Apprendi-Blakely-Booker trilogy" in rejecting his sentencing challenge.[2]  Butterworth, 511 F.3d

---

[1]     Cocaine base is also known as crack cocaine.
[2]     Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004); United States v. Booker, 543 U.S. 220 (2005).

at 76-77.  The First Circuit held that "[o]ur cases hold that so long as the applicable statutory minimum (based on judicially found facts) falls below the default statutory maximum (based on the jury findings), the Sixth Amendment is satisfied."  Butterworth, 511 F.3d at 77 (citing United States v. Lizardo, 445 F.3d 73, 89-90 (1st Cir. 2006); United States v. Goodine, 326 F.3d 26 (1st Cir. 2003)).  The First Circuit affirmed Butterworth's conviction and his sentence.  Id.

In October 2010, Butterworth filed a motion to amend his sentence based on an amendment to the Fair Sentencing Act of 2010 that increased from 50 grams to 280 grams the amount of a mixture containing cocaine base that triggers a mandatory minimum sentence.  See P.L. 111-220, 124 Stat. 2372 (codified as amended at 21 U.S.C. § 841(b)(1)(A)(iii)).  (Motion, ECF No. 135.)  The court denied the motion on the basis that "the overwhelming weight of authority is against applying the Fair Sentencing Act to those already sentenced, let alone those whose sentences are already final."  (Order at 1, ECF No. 138.)  The court noted: "I recognize that this outcome will seem unfair to people like this defendant who was sentenced under the harsher regime, but that is a decision that Congress has made and it is not for me to change."  (Order at 2.)  Butterworth appealed, and the First Circuit affirmed, citing United States v. Goncalves, 642 F.3d 245 (1st Cir. 2011).  (Judgment, ECF No. 145.)

In July 2013, soon after the Supreme Court handed down its decision in Alleyne, Butterworth filed his section 2255 motion.   I ordered the government to answer.  (Order, ECF No. 148.)  Butterworth filed a reply to the government's answer.  (Answer, ECF No. 150; Reply, ECF No. 151.)

**Discussion**

The statute of limitations for post-conviction petitions is 28 U.S.C. § 2255(f), which

provides:

> A 1-year period of limitation shall apply to a motion under this section.  The
> limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
>
> > (2) the date on which the impediment to making a motion created by
> > governmental action in violation of the Constitution or laws of the
> > United States is removed, if the movant was prevented from making a
> > motion by such governmental action;
>
> > (3) the date on which the right asserted was initially recognized by the
> > Supreme Court, if that right has been newly recognized by the
> > Supreme Court and made retroactively applicable to cases on collateral
> > review; or
>
> > (4) the date on which the facts supporting the claim or claims presented
> > could have been discovered through the exercise of due diligence.

See Turner v. United States, 699 F.3d 578, 582 (1st Cir. 2012).  If Butterworth's motion is to be

considered timely, it must fall within the requirements of section 2255(f)(3), because the motion

is untimely under section 2255(f)(1), and the other subsections do not apply.

To be timely under section 2255(f)(3), that section of the statute provides that the right on

which the petitioner relies must be both "newly recognized by the Supreme Court" and "made

retroactively applicable to cases on collateral review."  If Alleyne triggered a new one-year

limitation period for cases on collateral review, that period would have started on June 17, 2013,

which was the date on which the Supreme Court handed down its opinion in Alleyne, and

consequently, Butterworth's motion, which was filed within one year of that date, would be

timely.  The issue is whether Alleyne is (1) newly recognized by the Supreme Court and (2)

made retroactively applicable to cases on collateral review.  The First Circuit has recognized that

4

section 2255(f)(3) permits the lower courts to make the determination of retroactivity in the first instance.  See Marquez v. United States, 91 F. App'x 162, 162 (1st Cir. 2004) (citing, inter alia, Ashley v. United States, 266 F.3d 671 (7th Cir. 2001) (recognizing that "[d]istrict and appellate courts, no less than the Supreme Court, may issue opinions 'holding' that a decision applies retroactively to cases on collateral review"));[3] see also Dodd v. United States, 545 U.S. 353 (2005) (noting, without disapproval, that the Eleventh Circuit decided the retroactivity issue in the first instance, although the issue whether a circuit court may do so does not appear to have been contested); Wiegand v. United States, 380 F.3d 890 (6th Cir. 2004) (discussing four different retroactivity approaches).[4]

In Alleyne, which was decided on direct review rather than collateral review, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."  Id. at 2155.  In so holding, the Supreme Court explicitly overruled Harris v. United States, 536 U.S. 545 (2002).  The holding in Alleyne is an extension of the Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000).  As the plurality explained in Alleyne, the Court held in Apprendi that "any fact that increased the prescribed statutory maximum sentence must be an 'element' of the offense to be found by the jury."  Alleyne, 133 S. Ct. at 2157 (emphasis added) (citing Apprendi, 530 U.S. at 483, n.10, 490).

Butterworth's mandatory minimum sentence presents the type of issue addressed in Alleyne.  At the time he was sentenced, the sentencing statute set a mandatory minimum five-

___

[3]     Section 2255(f)(3) thus operates differently than section 2255(h)(2), which applies to second or successive motions and requires that the Supreme Court itself declare the new law to be retroactive.

[4]     At the time that Dodd v. United States, 545 U.S. 353 (2005), and Wiegand v. United States, 380 F.3d 890 (6th Cir. 2004), were decided, 28 U.S.C. § 2255 was numbered differently.  Those cases concerned what was then 28 U.S.C. § 2255 ¶ 6, which became section 2255(f) following a technical amendment.  See P.L. 110-177, § 511, 121 Stat. 2534 (2008).  The language of the statute, including section 2255(f)(3), was not changed and has remained the same.

year term of imprisonment for a violation involving five grams or more of cocaine base and a mandatory minimum ten-year term of imprisonment for a violation involving fifty grams or more.  See 21 U.S.C. § 841(b)(1)(A), (b)(1)(B); P.L. 111-220, 124 Stat. 2372.  The statute provided, then as now, that the mandatory minimum term was to be doubled when the defendant has a prior felony drug conviction, as Butterworth had.  See id.  In Butterworth's sentencing, when the court found that the drug quantity was fifty or more grams, rather than the five or more grams found by the jury, this judicial finding raised the statutory minimum term of imprisonment from ten years to twenty years.  At the time Butterworth was sentenced, Harris governed the issue, and either the judge or the jury could have decided whether his conduct met the requirements for a mandatory minimum sentence.  However, if Alleyne were considered retroactively applicable to this case, Butterworth preserved the issue and he would be entitled to demand that a jury, rather than a court, make the finding of the drug quantity.[5]

The First Circuit has not yet had the opportunity to consider whether Alleyne applies retroactively to cases on collateral review and thus whether it meets the requirements set forth in section 2255(f)(3) so as to trigger a new limitations period.  The First Circuit has held that the earlier Supreme Court case of Apprendi "'prescribes a new rule of criminal procedure,'" but that it "may not be applied retroactively to cases on collateral review."  Marquez, 91 F. App'x at 162 (quoting Sepulveda v. United States, 330 F.3d 55, 63 (1st Cir. 2003)).

---

[5]       Butterworth's section 2255 motion concerns the judicial finding of the drug quantity, not the judicial finding of the prior conviction.  The effect of Butterworth's prior conviction on the sentence is not at issue.  He did not contest his prior conviction at sentencing, and he makes no argument in his section 2255 motion about the effect of that prior conviction on the mandatory minimum sentence.  Nor would there be any basis for such an argument: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."  Apprendi, 530 U.S. at 490 (emphasis added).  In other words, the existence or not of a prior conviction is not a fact that must be submitted to a jury.  Id.

I conclude that the First Circuit's reasoning in Sepulveda concerning Apprendi, when applied to Alleyne, should yield the same result, i.e., that Alleyne, like Apprendi, is not retroactively applicable to cases on collateral review.  See Sepulveda, 330 F.3d at 59-63.[6]  In Sepulveda, the First Circuit applied the Supreme Court's analysis in Teague v. Lane, 489 U.S. 288 (1989), to determine whether Apprendi should apply retroactively.  As the First Circuit explained, the Supreme Court's holding in Teague generally bars the retroactive application of new rules of criminal procedure, but allows for two exceptions.  Sepulveda, 330 F.3d at 59. "The first allows retroactive application of new rules that either (a) prohibit criminal punishment for certain types of primary conduct, or (b) forbid the imposition of certain categories of punishment for particular classes of defendants."  Id.  The First Circuit held that this exception did not apply to Apprendi because it "neither places any particular type of conduct beyond the reach of the criminal law nor pretermits any particular type of punishment for a specific class of defendants."  Sepulveda, 330 F.3d at 59.  Alleyne, like Apprendi, does not de-criminalize any conduct, nor does it forbid certain categories of punishment for certain classes of defendants.  I therefore conclude that the first of the two Teague exceptions does not apply.

The second Teague exception is for "'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'"  Sepulveda, 330 F.3d at 59 (quoting Graham v. Collins, 506 U.S. 461, 478 (1993) (quotation marks omitted)).  The Supreme Court has defined a watershed rule of criminal procedure as one that, if infringed, "'must seriously diminish the likelihood of obtaining an accurate conviction.'"  Id. (quoting Tyler v. Cain, 533 U.S. 656, 665 (2001) (quotation marks omitted)).  In addition, "the new rule must

---

[6]      Sepulveda v. United States, 330 F.3d 55 (1st Cir. 2003), like Dodd, 545 U.S. 353, and Wiegand, 380 F.3d 890, was decided before 28 U.S.C. § 2255 ¶ 6 was renumbered to section 2255(f), but the language at issue is the same.  See supra n. 4.

itself alter the accepted understanding of the bedrock procedural elements essential to the integrity and fairness of a criminal proceeding." Id. (citing Tyler, 533 U.S. at 665).

In Sepulveda, the First Circuit concluded that Apprendi did not announce a watershed rule of criminal procedure, noting that "[t]he rule that [Apprendi] announces merely assures a previously convicted defendant that increased punishment, over and above the default statutory maximum, can only be imposed if the factual predicate for the increase—other than a prior criminal conviction—is confirmed by a jury to a higher quantum of proof." Id. at 61 (citing Apprendi, 530 U.S. at 484). "Hence, we join every court of appeals that thus far has decided the question and hold that the Apprendi rule fails to qualify as a watershed rule within the meaning of the second Teague exception." Id. I see no reason why the rule announced in Alleyne would be deemed to be a watershed rule of criminal procedure when the rule announced in Apprendi was not. Rather, the rule announced in Alleyne, coming after Apprendi, would have if anything even less claim to status as a watershed rule.

Other circuit courts have held that Alleyne is not retroactive to cases on collateral review. See In re Payne, No. 13-5103, --- F.3d ---, 2013 WL 5200425, at *1-2, 2013 U.S. App. Lexis 19194, at *3-4 (10th Cir. Sept. 17, 2013); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (same). Payne and Simpson are of some applicability here, but those cases concerned second or successive motions, which have limitation periods governed by 28 U.S.C. §2255(h)(2) rather than section 2255(f)(3). Section 2255(h)(2) contains the stricter requirement that in order for the new law to apply retroactively, the Supreme Court itself must declare it to be retroactive. See Sepulveda, 330 F.3d at 66 (noting that [section 2255(h)] "restricts second or successive habeas petitions challenging federal convictions to those new rules of constitutional law explicitly made retroactive by the Supreme Court itself to cases on collateral review"). The

holdings of <u>Payne</u> and <u>Simpson</u> recognized that the Supreme Court has not itself declared <u>Alleyne</u> to be retroactively applicable on collateral review.  <u>Payne</u>, 2013 WL 5200425, at *1-2, 2013 U.S. App. Lexis 19194, at *3-4; <u>Simpson</u>, 721 F.3d at 876.

   Other district courts that have addressed the retroactivity issue within the context of section 2255(f)(3) have noted that <u>Alleyne</u> has not been given retroactive effect.  <u>See</u>, <u>e.g.</u>, <u>Blick v. United States</u>, Civ. No. WDQ-12-3244, Crim. No. 05-310, 2013 WL 5883805, at *2, 2013 U.S. Dist. Lexis 155756, at *6-7 (D. Md. Oct. 30, 2013) (citing <u>Payne</u> and <u>Simpson</u>, and collecting district court cases); <u>United States v. Stanley</u>, No. 09-CR-0022-JHP, 2013 WL 3752126, at *7, 2013 U.S. Dist. Lexis 98943, at *20-21 (N.D. Okla. July 16, 2013) (citing <u>Teague</u>, 489 U.S. at 303); <u>United States v. Eziolisa</u>, No. 3:10-cr-039, 2013 WL 5657842, 2013 U.S. Dist. Lexis 148835 (S.D. Ohio, Oct. 16, 2013) (holding, by adopting a report and recommended decision, that the petitioner's section 2255 motion was time-barred because <u>Alleyne</u> is not retroactive under <u>Teague</u> analysis, and denying a certificate of appealability on the basis that an appeal of this issue would be "objectively frivolous"); <u>Affolter v. United States</u>, No. 4:13CV01413, 2013 WL 4094366, at *1, 2013 U.S. Dist. Lexis 113709, at *1-3 (E.D. Mo. Aug. 13, 2013) (holding that the petitioner's section 2255 motion was time-barred because <u>Alleyne</u> is not retroactive); <u>United States v. Reyes</u>, Crim. No. 06-654-1, Civ. No. 11-6234, 2013 WL 4042508, at *19, 2013 U.S. Dist. Lexis 112386, at *55-59 (E.D. Pa. Aug. 8, 2013) (same, but granting a certificate of appealability because the Third Circuit has not yet had occasion to address the issue); <u>see</u> <u>also</u> <u>Bultmeyer v. Grondolsky</u>, No. 13-40119-FDS, 2013 WL 5538450, at *5 & n.10, 2013 U.S. Dist. Lexis 144704, at *17-19 & n.10 (D. Mass. Oct. 4, 2013) (holding that the issue of retroactivity could be addressed by a separate decision in the petitioner's section 2255 motion rather than by resort to the writ of habeas corpus under 28 U.S.C. § 2241, but

noting that the case law indicates that <u>Alleyne</u> has not been given retroactive effect, and collecting cases).

I conclude that Butterworth is not entitled to relief under section 2255(f)(3) because <u>Alleyne</u> is not retroactively applicable to his motion to amend.

## Conclusion

For the reasons stated above, no evidentiary hearing is warranted under Rule 8 of the Rules Governing Section 2255 Cases, and I recommend that the Court deny Butterworth's motion for habeas relief under 28 U.S.C. § 2255.  I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

November 13, 2013